**REVISED OCTOBER 20, 2005**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2005

Charles R. Fulbruge III
Clerk

_____

No. 04-31239

(Summary Calendar)
_____

WILLIE J GARRY,

Plaintiff-Appellant,

versus

EXXON MOBIL CORPORATION; ET AL,

Defendants,

OCEAN RIG 1 AS; OCEAN RIG INC;  OCEAN RIG ASA; US OCEAN RIG INC,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:03-CV-791

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Willie Garry ("Garry") appeals the district court's partial summary judgment in favor of Ocean Rig,[1] ruling that Ocean Rig did not owe him a "duty to intervene," and final judgment for Ocean Rig after a bench trial, finding that Ocean Rig did not owe Garry a "control duty." Garry, an employee of Friede Goldman, alleged in his complaint that, pursuant to the Longshore & Harbor Workers Compensation Act, 33, U.S.C. § 905(b), Ocean Rig is liable for injuries he sustained while working on a vessel owned by Ocean Rig.

Garry was foreman of a cleaning crew assigned to remove about two feet of water and oil from a thruster compartment in a vessel owned by Ocean Rig. The pump in the room could not handle the thick liquid, so Garry and his crew removed the oil by climbing down into it, scooping up buckets of oil, and climbing back out. The floor of the room was about eight feet below the room's entrance, and the room had no fixed ladder. To get to the oil, crew members would climb over a walkway handrail, step onto a structural bulkhead, and then lower themselves onto a support beam below. On the second or third day of this process, Garry stepped on the thruster dome on his way down to the oil, slipped, and injured his knee.

Garry challenges the district court's conclusion that, as a matter of law, he did not create a genuine issue of material fact whether Ocean Rig owed him a duty to intervene and stop him from continuing to work under dangerous conditions. "This court reviews a district court's grant of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]"Ocean Rig" refers collectively to Ocean Rig I A/S; Ocean Rig, Inc.; Ocean Rig A/S/A; and U.S. Ocean Rig, Inc.

summary judgment *de novo*, applying the same standards as the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). A vessel owner owes a longshoreman a duty to intervene when the vessel owner has: "(1) actual knowledge of the dangerous condition, and (2) actual knowledge that the stevedore would do nothing to protect his employees from the danger." *Barrios v. Pelham Marine, Inc.*, 796 F.2d 128, 131 (5th Cir. 1986) (citing *Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1038-39 (5th Cir. 1983)). Garry failed to establish a material issue of fact as to whether Ocean Rig knew of the dangerous condition, specifically that Garry and his employees would remove the oil by climbing over structures that over time would become slick. The summary judgment evidence only indicates that after instructing Garry to remove the oil, but before Garry settled on a removal method, David Cusiter ("Cusiter"), an Ocean Rig engineer, left the thruster compartment and never returned. Because Garry failed to create a material issue of fact as to Ocean Rig's actual knowledge of the dangerous condition, Ocean Rig had no duty to intervene. Accordingly, the district court correctly granted summary judgment.[2]

Garry also challenges that the district court erred in finding that Ocean Rig did not control Garry's work area at the time of his injury. This court reviews a district court's factual findings for clear error. *Moore v. M/V ANGELA*, 353 F.3d 376, 380 (5th Cir. 2003). A vessel owner has a duty to prevent injuries to contractors in areas remaining under the "active control of the vessel." *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994) (quoting *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156, 167 (1981)). The district court found that Ocean Rig owed no

---

[2]As the case can be resolved on the basis of Ocean Rig's actual knowledge of the dangerous condition, we need not examine the second element necessary to create a duty to intervene, Ocean Rig's knowledge that it could not rely on Friede Goldman, the stevedore, to protect its employees.

control duty because it did not have active control of Garry's work area. Cusiter instructed Garry and his crew to remove the oil, but did not tell them how to do so and provided no equipment with which to do the job. Cusiter then left the area and did not return to the thruster room for at least two days. No one else from Ocean Rig was in the thruster room during the relevant time. Garry himself devised the method for removing the oil from the room. On the basis of these facts, the district court did not clearly err in finding that Ocean Rig did not retain active or operational control over the area.

The district court's judgment is AFFIRMED.